JOSEPH SELBY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 479, 2008
Supreme Court of Delaware
Submitted: October 24, 2008
Decided: December 23, 2008
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 23rd day of December 2008, upon consideration of the appellant's opening brief, the State's motion to affirm and the Superior Court record, it appears to the Court that:
(1) The appellant, Joseph Selby, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a). The State has moved to affirm the Superior Court's judgment on the basis that it is manifest on the face of Selby's opening brief that the appeal is without merit. We agree and affirm.
(2) It appears from the record that Selby pled guilty on March 5, 2007, to Attempted Robbery in the Second Degree, Robbery in the Second Degree, Burglary in the Third Degree and Assault in the Third Degree. It appears that as part of the plea agreement, Selby agreed that he was eligible for sentencing as a habitual offender, and the State agreed to "cap its recommendation at eight years [at Level V] followed by probation."[1] Moreover, the Truth-in-Sentencing Guilty Plea Form reflects that Selby understood that he faced a "minimum mandatory penalty of five years."
(3) On May 11, 2007, the Superior Court declared Selby a habitual offender and sentenced him to a total of eleven years at Level V suspended after nine years for one year at Level IV Crest followed by probation. In June and December 2007, Selby moved for modification of sentence pursuant to Superior Court Criminal Rule 35(b) ("Rule 35(b)"). Both motions were denied.
(4) Selby's June motion, which sought a sentence modification based in part upon ineffective counsel, contended that he was "beguiled by the lawyer due to the exceptional persistence of obtaining a signed plea agreement." By order dated October 2, 2007, the Superior Court denied Selby's motion on the basis that the sentence was "appropriate for all the reasons stated at the time of sentencing." The Court also noted that "some of [Selby's] grievances [were] not appropriate for a motion to modify."
(5) Selby's December motion sought a sentence modification based upon his desire to participate in prison programs. By order dated January 8, 2008, the Superior Court denied the motion, again on the basis that the sentence was "appropriate for all the reasons stated at the time of sentencing." The Superior Court also denied the motion as untimely.[2]
(6) In August 2008, Selby moved for correction of sentence pursuant to Superior Court Criminal Rule 35(a) ("Rule 35(a)"). Selby argued that he "took a plea to a charge that required a 5-year minimum mandatory sentence but was given an 8-year minimum mandatory sentence." By order dated September 2, 2008, the Superior Court denied Selby's motion as untimely, repetitive and as not supported by the record.[3] This appeal followed.
(7) After careful consideration of the parties' positions on appeal, we find it manifest that the judgment of the Superior Court should be affirmed. Selby's complaint is not that the May 11, 2007 sentence is illegal, but that the sentence was imposed in an illegal manner because it allegedly did not comply with the sentence he agreed to in his plea agreement.[4]
(8) A motion seeking the correction of a sentence imposed in an illegal manner is subject to the ninety-day limitation period of Rule 35(b).[5] Selby's motion, which was filed more than one year after his sentencing, clearly was untimely. Accordingly, we find no error in the Superior Court's denial of Selby's motion for correction of sentence.[6]
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 11, 4214(a) (2007).
[2] Rule 35(b) requires that a motion for modification of sentence must be made within ninety days after the sentence is imposed.
[3] The Superior Court correctly noted that the sentencing order does not reflect that the eight-year sentence for Attempted Robbery in the Second Degree was imposed as minimum mandatory. Moreover, this Court notes that the record does not include a transcript of the guilty plea hearing and/or the sentencing. It is the duty of the appellant to provide this Court with those portions of the record, including a transcript of the proceedings below, which are necessary for an effective review of any issue raised on appeal. Tricoche v. State, 525 A.2d 151, 154 (Del. 1987).
[4] Henderson v. State, 2002 WL 1751673 (Del. Supr.).
[5] Del. Super. Ct. Crim. R. 35(a).
[6] The Superior Court may consider an application made more than ninety days after the imposition of sentence in "extraordinary circumstances or pursuant to 11 Del. C. § 4217"; however, neither exception is applicable in this case.